**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-50036 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00230-SVW-47 |
| v. | |
| JUDY JARAMILLO, AKA Judy Romero, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted February 9, 2011
Pasadena, California

Before: KOZINSKI, Chief Judge, HAWKINS and FISHER, Circuit Judges.

Appellant Judy Jaramillo ("Jaramillo") appeals a 60-month sentence imposed

following her guilty plea to a heroin distribution conspiracy. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

There was no plain error in finding Jaramillo ineligible for the "safety-valve"[1] exception to the statutory mandatory minimum. Jaramillo failed to establish by a preponderance of the evidence that she satisfied the requirements for the safety valve. *United States v. Zakharov*, 468 F.3d 1171, 1181 (9th Cir. 2006). In the government's sentencing papers, it noted that Jaramillo had "refused to truthfully provide the necessary information. For instance, defendant refused to identify individuals to whom she distributed heroin." Jaramillo offered no evidence to contradict this assertion.

Nor was there error in not further clarifying whether Jaramillo wished to allocute at sentencing. *See* Fed. R. Crim. P. 32(i)(4)(A)(ii). When the government asked whether the court was going to provide an opportunity for Jaramillo to speak, the court indicated it understood (apparently from a letter Jaramillo had submitted) that she did not want to, and Jaramillo stated, "No." When no objection followed, the sentencing continued. Under these circumstances, it was reasonable for the court to interpret Jaramillo's "no" as confirming the court's understanding that she did not wish to speak, and as preempting the need to clarify further.

Moreover, any alleged error was harmless because Jaramillo received the statutory minimum sentence. *See United States v. Mejia*, 953 F.2d 461, 468 (9th Cir.

---

[1] *See* 18 U.S.C. § 3553(f).

1991) (where court has already "used all the discretion it had available," any allocution error was harmless). Jaramillo's allocution could not have resulted in safety valve relief because Jaramillo expressly conditioned her request for safety valve relief on a favorable recommendation by the government, which did not occur.

**AFFIRMED**.